**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| **ROBERTA L. GALYON,** | ) | |
| | ) | CIVIL ACTION NO. 1:24cv00034-DCLC-SKL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Clifton L Corker |
| | ) | |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | Magistrate Susan K Lee |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Roberta L. Galyon, and states as follows:

## JURISDICTION AND VENUE

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it was properly served in this action. Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Walmart, Inc. ("Walmart"), which, at certain times, insured benefits from Walmart, Inc. Long Term Disability Plan (the "LTD Plan"). Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974,

as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff was, at certain times, employed by Walmart and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff was, at certain times, employed by Walmart and a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits the allegations contained in Paragraph 7 of the Complaint.

8. To the extent that Paragraph 8 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan. Lincoln specifically denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan sponsored by Walmart to provide long term disability benefits to certain of its employees and that Lincoln issued a the Policy to Walmart, which, at certain times, insured benefits from the LTD Plan. Lincoln specifically denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 9 of the Complaint.

**FACTS**

10. Lincoln admits that Plaintiff was, at certain times, employed by Walmart and a participant in the LTD Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan sponsored by Walmart to provide long term disability benefits to certain of its employees and that Lincoln issued a the Policy to Walmart, which, at certain times, insured benefits from the LTD Plan. Lincoln specifically denies that it was the plan administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it sent a letter on or about December 7, 2022, to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it received a letter dated on or about December 27, 2022, from Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits it received a letter from Plaintiff's counsel appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits it received a letter dated on or about June 16, 2023, from Plaintiff's counsel, , along with additional documentation, which are contained in the administrative record and Lincoln refers to the letter and documents themselves as the best evidence of their contents.. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits it sent a letter on or about November 10, 2023, to Plaintiff's counsel to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter on or about November 10, 2023, to Plaintiff's counsel to Plaintiff, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and that it issued the Policy to Walmart, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan and that it issued the Policy to Walmart, which, at certain times, insured benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln denies the allegations contained in Paragraph 23 of the Complaint.

24. Lincoln denies the allegations contained in Paragraph 24 of the Complaint.

25. To the extent that the allegations contained in Paragraph 25 seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

31. Lincoln denies the allegations contained in Paragraph 31 of the Complaint.

32. To the extent that Paragraph 32 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the LTD Plan. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln denies the allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies the allegations contained in Paragraph 34 of the Complaint.

Lincoln denies the allegations contained in the WHEREFORE paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the LTD Plan under the Policy was arbitrary and carpicious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the LTD Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 24th day of April 2024.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the **24th day of April 2024**, a true and correct copy of the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

John P. Dreiser, Esq.
john@farmerdreiser.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers